UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON LOPEZ,

                               **Plaintiff,**

   vs.                                                5:18-CV-00952
                                                              (MAD/ATB)

ERIC GERACE,

                               **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**OFFICE OF MICHAEL A. CASTLE**    **MICHAEL A. CASTLE, ESQ.**
110 West Albany Street
Herkimer, New York 13350
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On August 13, 2018, Plaintiff Jason Lopez ("Plaintiff") commenced this action pursuant to 42 U.S.C. §§ 1983 and 1988. *See* Dkt. No. 1 at 1. On October 15, 2018, Plaintiff made a request for entry of default, which was entered by the Clerk of the Court that same day. *See* Dkt. No. 7.

     Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

### II. BACKGROUND

     According to the complaint, on April 13, 2017, Defendant, police officer Eric Gerace ("Defendant"), along with several other officers not named in this suit, approached Plaintiff at his residence. *See* Dkt. No. 1 at 2-3. While on the premises, Defendant allegedly assaulted Plaintiff by "punching the Plaintiff in the right side of his face, causing him to fall to the ground, and then punch[ed] the Plaintiff in the left side of [his] body." *Id*. at 3. Further, Plaintiff asserts that as a

result of Defendant's actions, Plaintiff sustained severe personal injuries. *Id*. While the complaint does allege that Defendant acted without "justification, excuse, or consent," the complaint fails to allege why officers were dispatched to Plaintiff's home. *Id*. at 2-3.

On September 17, 2018, while at the Onondaga County Sheriff's Office, Deputy Sheriff Douglas Roser served Defendant with the summons and complaint. *See* Dkt. No. 5. Despite being served, Defendant has failed to answer the complaint or appear in this matter. *See* Dkt. No. 7.

### III. DISCUSSION

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof

unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

When seeking a default judgment, the Local Rules require the party to submit an affidavit attesting to the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
> 
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
> 
> 3. The party has defaulted in appearance in the action; [and]
> 
> 4. Service was properly effected under Fed. R. Civ. P. 4. . . .

N.D.N.Y. L.R. 55.2(a).

In the present matter, the Court finds that Plaintiff complied with the procedural requirements necessary for the Court to grant the motion for default judgment. *See* Dkt. No. 5. Specifically, Plaintiff affirmed that Defendant is not an infant or an incompetent person and that

he is not in military service. See Dkt. No. 5. Further, Defendant was properly served in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure when Deputy Sheriff Douglas Roser delivered a copy of the summons and complaint to Defendant personally. *See id*. Despite being properly served, Defendant has defaulted in this action. *See* Dkt. No. 6.

Plaintiff has established through his complaint and attached exhibits that he is entitled to judgment in his favor. The complaint and summons were properly served on September 17, 2018, *see* Dkt. No. 5, and Defendant has failed to answer the complaint or otherwise appear in this matter. Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability. As such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) (holding that by failing to answer the plaintiff's complaint or respond to the motion, the defendant "has effectively conceded" that he is subject to the factual allegations asserted in the complaint).

**B.      Application**

To permit a court to enter default judgment "'there must be a sufficient basis in the pleadings for the judgment entered.'" *Ortiz v. Lasker*, 590 F. Supp. 2d 423, 425 (W.D.N.Y. 2008) (quotation and other citations omitted). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, noting that his Fourth and Fourteenth Amendment rights were violated. *See* Dkt. No. 1 at 1. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). To demonstrate a violation of one's rights pursuant to the

Fourteenth Amendment's Due Process Clause, an arrestee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). In evaluating whether the force used against an individual was objectively unreasonable, the facts and circumstances of each case must be assessed. *See id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Plaintiff alleges that Defendant, an officer of the City of Syracuse Police Department, while acting in his official capacity, used excessive force "without justification, excuse, or consent." Dkt. No. 1 at 3. Further, Plaintiff alleges that, as a result of Defendant's actions, he has sustained various injuries requiring "surgical repair." *Id*. The complaint does not indicate why the officers were at Plaintiff's residence the night of the alleged incident. *See* Dkt. No. 1. Despite its brevity, the complaint plausibly alleges that Defendant used excessive force in effecting Plaintiff's arrest in violation of the Fourth and Fourteenth Amendments. As such, Plaintiff has sufficiently alleged that Defendant, a police officer, deprived Plaintiff of a federal right, and that Defendant acted under color of state law. Thus, the complaint sufficiently alleges a *prima facie* case pursuant to 42 U.S.C. § 1983.

**C.     Damages**

"Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citations omitted). As relevant, Rule 55(b)(2) provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

In the present matter, in support of Plaintiff's request for damages, he alleged, in his complaint, that he was harmed in the following ways: (1) "Plaintiff sustained severe personal injuries to the face and jaw; bilateral mandibular body extending to the root of tooth 11, and fracture of the right mandibular angle extending to the root of tooth 1;" (2) "possible fractures of the nasal spine if the maxilla;" (3) "extreme pain;" (4) "humiliation;" (5) "fright and severe emotional distress;" (6) "was otherwise seriously injured, bruised and wounded;" (7) "has received considerable medical care and attention;" (8) "has and will incur considerable bills for said care and attention;" (9) "has experienced great physical pain and mental anguish;" and (10) "has been prevented from attending to his normal occupation and has suffered considerable loss of earnings." Dkt. No. 1 at 3-4. Plaintiff seeks an award for $2,500,000.00, but offers no evidence to substantiate his claim of damages. *See id.* at 3-4.

The Court finds that the evidence submitted is insufficient to support an award of damages without an evidentiary hearing. The requested amount is unsupported by any evidence. As such, the Court denies without prejudice Plaintiff's motion insofar as it seeks damages. An evidentiary hearing will be scheduled so that Plaintiff can present evidence in support of his application.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment against Defendant (Dkt. No. 7) is **GRANTED IN PART** as to liability, pending a hearing on damages; and the Court further

**ORDERS** that the Clerk of the Court shall schedule a damages inquest at the earliest convenience of the parties; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2019
      Albany, New York

                                                       Mae A. D'Agostino
                                                     U.S. District Judge