UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON LOPEZ,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　VS.<br><br>ERIC GERACE,<br><br>　　　　　　　　　　　　　　Defendant. | Civil Action No.: 5:18-CV-952<br>(MAD/ATB)<br><br>**ANSWER** |

Defendant Eric Gerace as his answer to Plaintiff Jason Lopez's (hereinafter referred to as "Plaintiff") Complaint (the "Complaint") states as follows:

## NATURE OF THE ACTION

1.　To the extent paragraph "1" of the Complaint asserts a legal conclusion, no response is required. Defendant otherwise denies the allegations contained in paragraphs "1" of the Complaint.

## JURISDICTION AND VENUE

2.　Paragraph "2" of the Complaint need not be answered because it asserts a legal conclusion relative to this Court's jurisdiction.

3.　Paragraph "3" of the Complaint need not be answered because it asserts a legal conclusion relative to the venue of this action.

## JURY DEMAND

4.　Paragraph "4" of the Complaint need not be answered because it does not seek a response from Defendant.

## PARTIES

5. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations asserted in Paragraph "5" of the Complaint and therefore deny the same.

6. Defendant ADMITS the allegations contained in Paragraph "6" of the Complaint.

7. Defendant ADMITS the allegations contained in Paragraph "7" of the Complaint.

8. Defendant ADMITS the allegations contained in Paragraph "8" of the Complaint.

## CLAIMS

## FIRST CLAIM

### (Claim under Section 1983 for use of excessive force)

9. Defendant repeats and re-alleges the admissions and denials set forth in paragraphs "1" through "8" above as if more set forth herein.

10. To the extent paragraph "10" of the Complaint asserts a legal conclusion, no response is required. Defendant otherwise denies the allegations contained in paragraphs "10" of the Complaint.

11. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to whether Plaintiff was lawfully upon the premises located at 349 Hillview Avenue and therefore denies the same. Defendant ADMITS the remainder of the allegations contained in Paragraph "11" of the Complaint.

12. Defendant DENIES the allegations contained in Paragraph "12" of the Complaint.

13. Defendant DENIES the allegations contained in Paragraph "13" of the Complaint.

14. Defendant DENIES the allegations contained in Paragraph "14" of the Complaint.

15. Defendant DENIES the allegations contained in Paragraph "15" of the Complaint.

16. Defendant DENIES the allegations contained in Paragraph "16" of the Complaint.

17. Defendant DENIES the allegations contained in Paragraph "17" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's claims fail in whole or in part for failure to adequately state a viable cause of action.

### SECOND AFFIRMATIVE DEFENSE

19. All claims for damages against Defendant are barred under the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's claims of excessive force are barred for failure to plead or establish non-*de minimus* injuries that are objectively sufficiently serious or harmful enough to be actionable.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred in whole or in part because Defendant at all times acted reasonably and with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional right.

### FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred in whole or in part because the actions of Defendant, including any use of force, were, at all times, justified, necessary, reasonable, proportional, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

### SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and res judicata based on the outcome of the criminal charges lodged against him concerning the incident at issue in this action.

### SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff, without legal right, harassed Defendant, engaged in criminal mischief and disorderly conduct, and thus Plaintiff is responsible for any injuries caused such conduct.

### EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred in whole or in part by application of the *Heck* doctrine.

### NINTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims fail in whole or in part for lack of personal involvement.

### TENTH AFFIRMATIVE DEFENSE

27. Demand is made for a jury trial on all issues.

### ELEVENTH AFFIRMATIVE DEFENSE

28. All or some of Plaintiff's claims are barred by the application of the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

29. Some or all of Plaintiff's causes of action are barred by his failure to comply with §§50-e, 50-h and 50-i of the General Municipal Law.

### THIRTEENTH AFFIRMATIVE DEFENSE

30. Defendants reserve the right to plead such additional affirmative defenses as become apparent based on the factual development of the Action.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, in its entirety, together with such other and further relief as the Court deems just and proper.

DATED:  April 15, 2019                                              Respectfully submitted,

KRISTEN E. SMITH, ESQ.
CORPORATION COUNSEL FOR THE
CITY OF SYRACUSE

By:      *s/Christina F. DeJoseph*
Christina F. DeJoseph, Esq.
(Bar Roll No. 514784)
Senior Assistant Corporation Counsel
300 City Hall
Syracuse, New York 13202
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2019, I caused the foregoing, together with all supporting papers, to be electronically with the Clerk of the District Court, Northern District of New York using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel of record including:

      Michael A. Castle, Esq.

Dated:  April 15, 2019                                          *s/Christina F. DeJoseph*
                                                                                          Christina F. DeJoseph, Esq.